## Diehl *versus* Holben.

*Rights and Duties of Defendant claiming the benefit of the Exemption Law.—Form of Claim.—When to be made.—Evidence as to Origin of Debt, Admissibility of.*

1. A constable, sued as a trespasser for seizing and selling the debtor's property in disregard of his claim for the benefit of the $300 Exemption Law, cannot go behind the judgment of the justice, and prove that the note upon which it was founded embraced a book account, part of which was before 4th July 1849.

2. The Exemption Act of April 9th 1849 requires that the defendant demand an appraisement: but any words which will apprise the officer that the statutory exemption is the thing claimed by the notice or demand, are sufficient.

3. But a demand made upon the day of sale is too late. It must be made, as regards personal property, before the day of sale, and generally before the advertisements are put up, unless there are special circumstances, such as absence from home or ignorance of the levy, to excuse delay.

ERROR to the Common Pleas of *Lehigh county*.

This was an action of trespass on the case brought August 28th 1857, by Jacob Holben against Benjamin Diehl, constable of Lowhill township, for selling the personal property of the plaintiff, on an execution which he held against him, in disregard of his demand for the benefit of the Exemption Law.

The material facts of the case were these :—Jacob Zimmerman was the holder of a promissory note, dated June 15th 1853, for $50, executed by Jacob Holben, which note was afterwards endorsed to Joseph Wetherhold. On the 2d of August 1856 the note was put in suit, and judgment recovered before a justice of the peace for $53.47. Bail for stay of execution was then entered by defendant. When the stay expired, an execution was placed in the hands of the defendant, Diehl, who levied upon certain articles of personal property, and sold them for $25.48. This suit was then brought by Holben, as above stated. To a declaration in the usual form the defendant pleaded *non cul*, and on this issue the cause was tried.

On the trial the plaintiff proved the judgment, execution, levy, and sale of the goods, and their value; he proved also, that on the day of the sale, which took place in Heidelberg township, Holben, who then lived in Allentown, some eighteen miles distant, attended the sale, and before it commenced, told the constable that he "should not sell, that he claimed it for the $300 law." That he "wanted it for his family," or "for stock for the use of his family." The plaintiff proved further that the articles sold consisted of some foundry patterns, scrap-iron, and several articles of household furniture, which were not named in the levy.

[Diehl *v.* Holben.]

The defendant then gave in evidence a conversation between the plaintiff and defendant, in reference to the execution before the levy was made, in which the plaintiff informed the defendant that he could not claim the benefit of the Exemption Law, because of money which he had on interest, but that he had a lot of foundry patterns, &c., at his foundry, in Heidelberg township, which he said the constable might sell, and which were then endorsed on the execution. He then proposed to prove, by Jacob Zimmerman, that he had a book account against Holben, part of which was before 4th July 1849, and that it was embraced in the note given by Holben to witness in 1853, and by him transferred to Wetherhold, and that the execution in this case under which the constable levied and sold the property of Holben was issued on a judgment recovered on that note.

This was objected to by the plaintiff, rejected by the court, and an exception noted for defendant. Several other exceptions to the admission and rejection of testimony were taken during the trial, but the above was the only one pressed on the argument in this court.

The defendant's counsel requested the court to instruct the jury as follows:—

1. If they believe, from the evidence, that plaintiff neglected to give notice to the defendant that he claimed the benefit of the Exemption Law, and to request him to have appraisers appointed to appraise his property, and made a selection of the articles he desired to retain, their verdict should be for defendant.

2. If the jury should find from the evidence that such notice, request, and election were made by plaintiff, but not until the day of sale of the plaintiff's property, it was then too late, and their verdict should be for defendant; and,

3. That if the jury believe that plaintiff, before the sale, consented and agreed that the defendant should sell the property that he sold, he could not afterwards withdraw such consent and agreement.

As to the first point, the court below charged that the form of the notice was not very material; that it was not necessary that the plaintiff should have specifically notified the defendant that he wanted appraisers appointed, and that he should have made a selection of the articles appraised, to enable him to recover, but that notice that he claimed the benefit of the $300 law was sufficient in point of form. The first point was therefore negatived.

As to the second point propounded by the defendant, the jury were instructed that it was sufficient, in case of personal property, to give the notice before the sale commenced.

In regard to the third point, the court submitted, as a question of fact for the jury, " whether Holben waived his right to the

[Diehl v. Holben.]

exemption under the $300 law. If he did waive it, it was not like a waiver made at the time of the confession of a judgment which is founded on the same consideration as the judgment, therefore irrevocable, but a voluntary waiver made without consideration, which the plaintiff might afterward retract. But if you believe the plaintiff did waive his right to the exemption, or consent that the defendant should go on and sell without setting out goods to him as exempt, he should have notified the constable of the withdrawal of his waiver or consent before the constable advertised."

Under the above instructions, there was a verdict and judgment in favour of plaintiff for $153.32 damages, and six cents costs. The defendant thereupon sued out this writ, and assigned for error here,

1. The rejection of the evidence above mentioned, as to the fact that the note on which the judgment was recovered by Wetherhold against Holben included a book account against him anterior to July 4th 1849; and

2. The answers given by the court below to the points submitted by the defendant.

*Samuel A. Bridges*, for plaintiff in error, in support of the first assignment of error, cited and relied on Harleman v. Buck, 6 Casey 267, and Michael Weaver's Estate, 1 Id. 434.

2. As to the answer of the court below to the first point, he argued that the act did not require the appointment of appraisers by the officer, unless specially requested, and that a mere notice by a defendant, that he claimed the benefit of the Exemption Law, was not sufficient: citing Miller's Appeal, 4 Harris 300; Hammer v. Freese, 7 Id. 255; Brant's Appeal, 8 Id. 141.

3. In support of the proposition contained in his second point, he cited Hammer v. Freese, 7 Harris 255; Bowyer's Appeal, 9 Id. 210; Gilleland v. Rhoads, 10 Casey 187; Rogers v. Waterman, 1 Id. 182.

4. That the ruling of the court below, in answer to the third point, was erroneous, he cited Bowman v. Smiley, 7 Casey 225; Bowyer's Appeal, 9 Harris 210; The Pittsburgh Turnpike Company v. The Commonwealth, 2 Watts 433; and Addison on Contracts 1072.

*John D. Stiles*, for defendant in error, argued, 1. That the offer to prove that part of the consideration of the note on which the judgment was recovered, was for an account anterior to July 4th 1849, was properly overruled by the court below; because the witness was interested as endorser of the note.

2. The note was dated in 1853, and the offer was not to show that the debt was contracted before July 4th 1849.

[Diehl *v.* Holben.]

3. The case is unlike Harleman *v.* Buck, where the record showed that part of the debt was not subject to the exemption claimed. Nor is it like Weaver's Estate, where this fact was proved without objection. The form of the notice is settled in Bowman *v.* Smiley, 7 Casey 225. Holben had no notice of this sale. He lived seventeen miles away from where it was held. When he found it out, he went to the place of sale, and gave the notice. Hammer *v.* Freese is against plaintiff in error. In Gilleland *v.* Rhoads, the question as to the time of demand was not raised. See 2 Parsons 279, where a demand before the sale was held sufficient.

4. The answer to the third point was correct, and is sustained by the ruling of this court in Bowman *v.* Smiley. There was no waiver in this case.

The opinion of the court was delivered, May 6th 1861, by

WOODWARD, J.—Diehl had in his hands, as constable, an execution issued by Justice Weiss, at the suit of Joseph Wetherhold, against Jacob Holben, in virtue of which he levied on and sold a quantity of castings, scrap-iron, and household goods, and received as the proceeds of the sale $25.48. Holben then brought this action of trespass against Diehl for making the sale in disregard of his demand of the benefits of the Exemption Law, and he recovered in damages $153.32. Several points were taken on the trial, which are the subjects of the errors assigned, and which I proceed to notice in their order.

In the first place, the plaintiff in error complains that he was not allowed to prove that the promissory note on which the judgment was founded embraced a book account, part of which was before the 4th of July 1849. The object of this offer was to raise up a defence like that which was successful in Harleman *v.* Buck, 6 Casey 267; but upon the principles enunciated in that case, the offer here was properly rejected. The justice's transcript in this case shows no other cause of action than a promissory note of June 15th 1853; and we said in Harleman *v.* Buck, that we would not go behind the judicial proceedings of the justice to detect the origin of the debt. In that case it appeared *upon the face of the proceedings* that part of the debt was contracted before the date mentioned in the statute: in this case it appears, in the same manner, that the debt was contracted in 1853. There was no error in refusing to open an inquiry collateral, if not foreign, to the true issue trying.

The second error is to the court's answer as to the *form* of the demand made for exemption. The testimony was that Holben "warned the defendant not to sell—that he claimed this under the $300 law—that he claimed it for his family." The

[Diehl *v.* Holben.]

court held this a sufficient demand. We think it was. The statute does not prescribe the form of the demand, and it would be very adverse to the spirit of the statute to hold a debtor to any technical accuracy in stating his demand. A demand or notice there must be; but any words which are sufficient to apprise the officer that the statutory exemption is the thing claimed, are sufficient.

Third, as to the *time* of the demand, the evidence was that it was on the day of sale, and a short time before the sale was opened. The learned judge held it to be in time. We regret that we cannot agree with him. The cases of Hammer *v.* Freese, 7 Harris 255, Rogers *v.* Waterman, 1 Casey 182, and Gilleland *v.* Rhodes, 10 Id. 187, express our understanding of the statute in this regard. Unless there is absence from home, ignorance of the levy, or other circumstances to justify the delay, we hold that the demand must be made before the day of sale, generally before the advertisements are issued. So far from any excusing circumstances appearing in this case, it would seem from the testimony of Jacob Zimmerman, that after the execution had issued, Diehl and Holben had an interview at the witness's house, when the subject of a levy and exemption was discussed between them. Holben admitted that he could not claim the $300 law, because he had $1200 or $1500 out on interest; but "I have," said he, "a lot of patterns up in Heidelberg that you may sell, but I wish you to give me notice, that I may be present." Diehl then endorsed on the execution these words: "11th of July 1857. The defendant offered patterns in the foundry on the execution by Jacob Zimmerman. BENJAMIN DIEHL, Constable." Holben had formerly lived at Heidelberg, but before the execution issued had removed to Allentown, where this interview occurred, leaving foundry patterns and household furniture at Heidelberg. On the 16th of July the constable made an inventory of the property which he considered had been delivered to him on the execution, and on the 30th of July sold it. Besides these lots of castings, the inventory included some other articles, principally of household furniture.

Now, although according to the evidence castings were the only articles which the constable was directed to levy on at Heidelberg, yet Holben, knowing on the 11th of July that a levy was to be made, and from the advertisements that a levy had been made, not only on the castings, but on other things, had ample time before the 30th to give the notice and make the demand required by the statute. Why should he have waited till the last moment, subjecting the officer to unnecessary trouble, and the plaintiff in the execution to the utmost costs? If he meant to waive his right of exemption, his conduct was intelligible enough; if he meant to insist upon it, he was inexcusably tardy.

[Diehl *v.* Holben.]

But if there was an intentional waiver, and the officer went on in good faith to make the sale, it was too late to revoke the waiver just as the sale was to begin, if indeed it were revocable at any time.    It is not necessary to say in this case whether any consideration be requisite to support a waiver of the statutory boon, nor whether a waiver once made can be retracted, because if there was no waiver the demand came too late; and if there was a waiver, it induced such action as would be a sufficient consideration, and the retraction of it, like the demand, was too late.

These observations dispose sufficiently of the four errors assigned.

> The judgment is reversed, and a *venire facias de novo* is awarded.