# Ricketson *et al. versus* The Commonwealth for use.

1. In an action against the sureties of a deceased sheriff, by an execution-creditor, whose money the sheriff had received, the omission to set out the judgment in the *narr.*, if a defect, could have been amended in the court below, and the Supreme Court will consider it as amended.

2. The sheriff is bound to execute a writ, according to the exigency thereof, without inquiry into the regularity of the proceeding on which the writ is issued, the writ being a sufficient justification.

3. The sureties of a sheriff are bound to pay for the default of their principal.

51    155
27 SC  219

51    155
34 SC  ¹145

ERROR to Common Pleas of *Allegheny county.*

This was an action of debt, upon the official bond of H. Woods, sheriff of Allegheny county, brought against his sureties after his death.

The breach of condition alleged, was the failure to pay over on demand the sum of $100, collected on a *fi. fa.* issued at the suit of Simpson the relator.

The *narr. did not set forth any judgment*, as a foundation for the writ of *fi. fa., nor was any evidence of such judgment* offered on the trial.

The defendants pleaded the general issue, also specially that the conditions of the bond had been performed ; that Harry Woods, the sheriff, had died during his term of office, and before the return day of the writ of *fi. fa.*, and that no account had been filed by his administrator ; and also, that no request had been made to him during his lifetime to pay over any money he may have collected on said *fi. fa.*

The plaintiff showed that upon the writ $100 had been paid into the sheriff's office on account of the debt, on the 11th August 1863, and that a day or two after, but before the death of sheriff Woods, the attorney for the plaintiff in that writ, noticing that this sum had been paid in, called the attention of the sheriff's deputy to the fact, who told him that as there were only a few dollars more to be collected, which would be paid in a day or two, he, the attorney, had better wait and get the whole at once, which was agreed to by him without objection.  This was all the testimony in regard to any request or demand on the sheriff to pay this money over, *and was before the return day of the writ.*

It was then admitted that Harry Woods died on the 14th August 1863, and thereupon plaintiff closed his case.

The defendants offered no testimony, but submitted the following points :—

1. The *narr.* does not set out any judgment upon which *fi. fa.* in evidence was issued ; and

2. That, under all the evidence in the cause, the plaintiff is not entitled to recover.

3. That plaintiff is not entitled to interest, except from the beginning of this suit.

The court below instructed the jury to find a verdict for the plaintiff, reserving the following questions :—

" 1. Whether the plaintiff can recover, under the declaration in this case, it not setting out that there was a judgment upon which the *fi. fa.* mentioned in the *narr.* and given in evidence, was issued ; and

" 2. Whether, before plaintiff can recover in this action, he must show a specific demand of payment from the sheriff, his deputy or some other party, of the money paid upon the *fi. fa.*"

[Ricketson v. The Commonwealth.]

Judgment was afterwards "entered upon the reserved questions in favour of the Commonwealth for $25,000, and for Simpson for $109, the amount of his damages as found by the verdict of the jury."

The defendants below brought the case up on a writ of error, and assigned the following errors:—

The court erred: 1. In charging the jury as follows: "If you further believe that the plaintiff's attorney called for the money before the death of Woods, and waited for its payment at the instance of the deputy, that will be sufficient to entitle plaintiff to recover interest on the $100 to this time."

2. In declining to charge the jury as requested in defendants' first point, that the plaintiff could not recover under the pleadings, because the narr. did not set out any judgment upon which the fi. fa. in evidence was issued.

3. In declining to charge as requested, in defendants' second point, that under all the evidence in the cause plaintiff was not entitled to recover.

4. In entering judgment on the reserved points in favour of plaintiff.

H. Burgwin, for plaintiff in error.—In official bonds the liability of a surety is contingent, and no suit lies against him without proceeding first against the principal obligor: Commonwealth v. Stubb, 1 Jones 150; Kirkpatrick v. White, 5 Casey 176. Interest should not begin until default made, upon lawful demand. The failure to set out in the narr. the judgment upon which the fi. fa. was issued is fatal: Beale v. The Commonwealth, 16 S. & R. 150.

John McClaren, for defendant in error.—The sheriff did not fulfil the conditions of his bond. The demand on him was legal and proper: Shannon et al. v. The Commonwealth, 8 S. & R. 444; McCaraher v. The Commonwealth, 5 W. & S. 21.

There was notice on the fi. fa. showing the original judgment: the writ being described by number, term and year.

The opinion of the court was delivered, January 8th 1866, by

READ, J.—Since the cases of Beale v. Commonwealth, 16 S. & R. 150, Beale v. The Same, 7 Watts 183, it is impossible to say that the omission to state in the narr. the judgment upon which the fi. fa. issued is a fatal defect, and for which we are bound to reverse. The court below, if it were a defect, could have amended the declaration, and we will, if necessary, consider that as done, and the narr. amended accordingly. When a writ is delivered to the sheriff, he is bound to execute it according to the exigency thereof, without any inquiry into the regularity of

[Ricketson *v.* The Commonwealth.]

the proceeding whereon the writ is grounded; and whether voidable or erroneous, such writ is a sufficient justification.

In this case the money sued for was received by the sheriff before his death, and before the return day of the writ, and it is impossible to contend that he was not answerable for it. A demand was substantially made, but the death of the sheriff made any other request unnecessary.(*a*) The sureties are of course liable to pay for the default of their principal, and we see no error in the allowance of interest.

Judgment affirmed.

---

(*a*) The only effect of bringing suit against the sheriff without a demand is, that the court will stay the proceedings on payment of the amount levied without costs: Jeffries *v.* Sheppard, 3 B. & Ald. 696.