## FISHER BEATTY v. J. S. RANKIN ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON·PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 8, 1890—Decided January 5, 1891.

1. An express waiver by a lessee of "the benefit of all laws or usages exempting any property from distress or execution for rent," will be operative as to any property, whether seized upon a landlord's warrant, or levied upon by an execution from a judgment for rent due: Mitchell v. Coates, 47 Pa. 202, distinguished.

2. In a judgment rendered by an alderman, or justice of the peace, in favor of the landlord for rent due by a tenant holding under a lease containing a waiver of exemption, it is immaterial whether the magistrate notes the waiver of the exemption in his record of the proceedings or not.

3. The jurisdiction of aldermen, magistrates, and justices of the peace, in an action to recover judgment for rent due, conferred by the act of March 22, 1814, P. L. 190 (6 Sm. L. 182), to the amount of one hundred dollars, is enlarged by the act of May 29, 1879, P. L. 194, to the amount of three hundred dollars.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 153 October Term 1890, Sup. Ct.; court below, No. 89 January Term 1885, C. P. No. 2.

On March 3, 1890, in an action to No. 89 January Term 1885, a verdict was rendered in favor of Fisher Beatty against J. S. Rankin and Louisa G., his wife, for $180.57. A motion for a new trial having been withdrawn, judgment was entered on the verdict on June 10, 1890, and execution issued.

On June 11, 1890, the defendants presented their petition setting forth the foregoing action, judgment and execution; that on March 24, 1890, the Knoxville Land Improvement Company had obtained a judgment before Alderman Succop against Fisher Beatty, for the sum of $192 and costs; that on May 3, 1890, the Knoxville Co. had issued an execution attachment on said judgment and caused the same to be served upon the petitioners as garnishees; that on May 10th, the petitioners had answered admitting their indebtedness to the defendant Fisher Beatty in $180.57, and on the same day the alderman had entered judgment against them as garnishees, and on June 6th had issued execution thereon; praying for leave to pay the money due from them to the said Fisher Beatty and attached by the Knoxville Co. into court, and that the parties claimant be required to interplead. Rule granted as prayed for.

The alderman's transcript in the suit of the Knoxville Co. against Beatty, attached as an exhibit to the foregoing petition, showed that the summons therein had issued March 18, 1890; that on March 24, 1890, the parties appeared and plaintiff claimed $192 for twelve months rent of a certain house, at $16 per month, " according to terms of the lease, offered in evidence, with waiver of all laws or usages exempting property from execution;" and that, after hearing, judgment was publicly given in favor of plaintiff for $192 and costs, " with waiver of all laws or usages exempting property from execution."

To the rule granted, Fisher Beatty made answer that the execution attachment, at the suit of the Knoxville Co., was served upon him on May 3, 1890, and that on May 5th, he served a written notice upon Alderman Succop and upon the constable having charge of the writ, demanding the benefit of the $300 exemption laws. The Knoxville Co. answered, setting forth, inter alia, a copy of the lease to Beatty, containing the following provision:

" And the lessee hereby expressly waives the benefit of all laws or usages exempting any property from distress or execution for rent, the lessor not waiving any remedies given by existing laws. And a general release of all errors in any proceeding to collect rents due pursuant to this lease, either by

way of distress or judgment and execution, is hereby granted by said lessee to the said lessor."

On June 17, 1890, the rule for leave to the petitioners to pay the money into court was made absolute.

Issue having been joined on the facts made to appear by the petitions and answers, after argument thereof the court, MAGEE, J., on July 5, 1890, filed an opinion in part as follows:

It was alleged by Beatty in his answer, " that the alderman has illegally and without right or authority issued an execution against the said Rankin and wife, on a judgment on said execution attachment." This allegation presents the issue involved in this controversy.

The claim of the exemption laws was made on May 5, 1890, and if allowed by the alderman would have prevented a recovery against the garnishees. If the claim was a valid claim, then the garnishees have in their hands no funds of Fisher Beatty subject to the execution attachment, and the judgment, therefore, would have been for the defendants. The judgment, however, was against the garnishees, and in disregard of the claim of Beatty. The way to correct the error of the alderman, if error had been committed, would have been by an appeal from the judgment rendered. But no appeal was taken, and no subsequent claim of the exemption was made. On June 6, 1890, or more than a month after the notice of the exemption claim was served, the Knoxville Land Improvement Company issued an execution on their judgment against the garnishees.

Two reasons seem to be sufficient to settle the rights of the parties: First, the waiver of the exemption in the judgment of the Knoxville land company would preclude the defendant Beatty from setting up the claim to the benefit of the exemption laws in that case. And it follows, as a matter of law, that he could not set it up in the attachment execution issued on the original judgment; second, that the claim was not made on the execution, but upon the judgment, because the execution was not issued till long after the notice had been given to the alderman.

But, laying aside all technical questions, it is my opinion that the waiver of the benefit of the exemption laws made in the lease, extends to the judgment and all manner of execution

Opinion of the Court.

thereupon; that, whether it appear upon the face of the judg-
ment or not, that the exemption is waived, makes no differ-
ence. If the contract upon which the recovery is had contains
a waiver, it will control the execution, if made to appear, and
it may be made to appear either in the judgment or by proofs
aliunde.

In this case, it is not pretended that the lease did not con-
tain the covenants and waiver. The only claim I recall, from
the argument of counsel, is that the waiver is confined in its
operations to a distress for rent. This view I am not willing
to take, as it specially mentioned that it extends to execution,
and I see nothing in the context to warrant a limited construc-
tion to be given to the waiver.

—An order having been entered directing that the money in
court be paid to the Knoxville Land Improvement Company,
as the execution creditor entitled to the fund, (exception,)
Fisher Beatty took this appeal, assigning said order for error.

*Mr. James Fitzsimmons* (with him *Mr. John S. Robb*), for
the appellant.

That the alderman did not have jurisdiction to the amount
of $192, in an action for rent, counsel cited: Act of March 20,
1810, 5 Sm. L. 161–175; Sheed v. Wartman, 4 Y. 237; act of
March 22, 1814, P. L. 190 (6 Sm. L. 182); act of May 29,
1879, P. L. 194; Taylor v. Manderson, 1 Ash. 130; Herrigas
v. M'Gill, 1 Ash. 152; Jones v. Jones, 12 Pa. 355; Gordon's
App., 93 Pa. 361; Elliott v. Peirsol, 1 Pet. 328; Spencer v.
Jennings, 114 Pa. 618. That the alderman had no right to
note on his record that all the exemption laws of Pennsylvania
were waived: Mitchell v. Coates, 47 Pa. 202; and could enter
judgment only for a sum certain: Knight v. Wiltberger, 4 Y.
127; Alberty v. Dawson, 1 Binn. 105.

*Mr. S. M. Raymond* (with him *Mr. W. A. Lewis*), for the
Knoxville Co., appellee.

Counsel cited: Act of May 29, 1879, P. L. 194; Hageman
v. Salisberry, 74 Pa. 280; Mitchell v. Coates, 47 Pa. 202.

Per Curiam:

We are of opinion that the lease from the Knoxville Land
Improvement Company to Fisher Beatty contained a general

Opinion of the Court.

waiver of exemption. The language is very broad : " And the said lessee expressly waives the benefit of all laws or usages exempting any property from distress or execution for rent." This is a waiver as to the debt, not merely the property liable to distress. In this respect, the case differs from Mitchell v. Coates, 47 Pa. 202, in which this court said : " It is true the language is somewhat general, but it is plainly intended to be applied, and therefore must be restricted to what was the subject of the covenant, to wit, personal property liable to distress for rent in arrear. He did not say, waiving all exemption laws, or laws exempting property from execution, or use any expressions which might seem to extend the waiver to the debt, but he closed up the covenant simply by waving all laws exempting personal property from levy and sale for arrears of rent." This exemption, as will be seen, is of " all laws or usages," and applies to any property, whether seized upon a landlord's warrant, or levied upon by an execution for rent. It would be difficult to frame a broader exemption.

The fact that the magistrate recited the waiver in his judgment is not material. The waiver was in the lease, and need not necessarily appear on the justice's docket. That it was there does no harm.

The only remaining question is whether the justice had jurisdiction in case of rent. This point does not appear to have been made in the court below ; at least, the learned judge does not refer to it in his opinion. Without stopping to discuss the various acts of assembly referred to in the argument of the appellant, it is sufficient to say that the act of March 22, 1814, P. L. 190, expressly conferred this jurisdiction upon justices of the peace to the extent of $100, while the act of May 29, 1879, P. L. 194, enlarged their jurisdiction to $300.

Judgment affirmed.