# Schock *v.* Waidelich, Appellant.

*Execution—Exemption—Waiver—Landlord and tenant.*

An agreement in a lease that all personal property in the premises shall be liable to distress and may be distrained, and that the tenant waives all right "to the benefit of any laws now made, or hereafter to be made, exempting personal property from levy and sale for arrears and rent," applies only to proceedings for the recovering of rent by distress, and does not apply generally to all debts for rent without regard to the process used in collecting the same.

An indorsement on a fi. fa. made by the prothonotary at the instance of the plaintiff calling the sheriff's attention to a waiver of exemption, will not relieve the sheriff if he seizes property to which the waiver does not apply; nor does a reference to a waiver in the judgment entered by a justice of the peace relieve the sheriff in such a case.

Argued Dec. 5, 1904.    Appeal, No. 240, Oct. T., 1903, by defendant, from judgment of C. P. Lehigh Co., April T., 1903, No. 21, in case tried without a jury in suit of Emerson F. Schock *v.* Jacob B. Waidelich.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass for wrongful levy and sale of personal property.

The case was tried by TREXLER, P. J., without a jury by agreement under the Act of April 22, 1874, P. L. 109.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff.

*Edward Harvey*, with him *John Rupp* and *John L. Schwartz*, for appellant.—An officer is bound to obey, without looking into the grounds of action, any precept put into his hands to serve, which appears on its face to be regular and to have been issued by competent authority; and his private knowledge of facts showing that there is no cause of action, will not change his duty or liability: Waterman on Trespass, vol. 1, p. 433, sec. 464; Smith v. Bowker, 1 Mass. 76; Wilton Mfg. Co. v. Butler, 34 Maine, 431.

If the execution be voidable only, and not void, it will protect both the officer and the party at whose instance it is issued: Nichols v. Thomas, 4 Mass. 232; Wilmarth v. Burt,

48 Mass. 257; Batchelder v. Currier, 45 N. H. 460; Twit-chell v. Shaw, 64 Mass. 46; Com. v. McCoy, 8 Watts, 153.

In an action of trespass against an officer for disregarding the defendant's claim for the benefit of the exemption laws, the court cannot go behind the record of the judgment upon which the execution was issued and inquire into the cause of action: Diehl v. Holben, 39 Pa. 213; Harleman v. Buck, 30 Pa. 267; Barnett v. Read, 51 Pa. 190; Ricketson v. Com., 51 Pa. 155.

*James L. Schaadt,* with him *Charles W. Kaeppel,* for appellee. —The waiver of the terms of the lease extended only to personal property taken under warrant of distress: Mitchell v. Coates, 47 Pa. 202; Beatty v. Rankin, 139 Pa. 358. The officer is invested with no judicial power or discretion in the premises: Tasker v. Sheldon, 115 Pa. 107.

OPINION BY MORRISON, J., January 17, 1905:

Judgment was entered against the appellee before a justice of the peace for rent due upon a written lease, dated March 4, 1901. The transcript from the justice's docket recites: " wherein the defendant waived the benefit of the exemption laws of the State of Pa., Walter F. Sieger sworn on behalf of plaintiffs. Plaintiffs also offer in evidence said lease which is also made part of this record. And after hearing the full proofs of the plaintiffs on oath (defendant offering no proof), and the allegation of the parties, judgment publicly in favor of the plaintiffs for $77.13 and costs of suit." After execution issued and returned "no goods " a transcript of this judgment was entered in the Common Pleas of Lehigh County and a fi. fa. issued thereon to the sheriff of said county, who is the present appellant.

In pursuance of said writ the appellant levied upon the defendant's personal property and a claim was at once presented to him, by the defendant, appellee here, for the benefit of the provisions of the Act of Assembly exempting property from levy and sale on execution, and requesting an appraisment of the said personal property, etc. Under the instructions of the plaintiffs in said writ of fi. fa. the sheriff, appellant in this suit, refused the request of the appellee for his exemption and

having received from the plaintiffs an indemnifying bond, on December 2, 1902, sold the said personal property of the appellee, defendant in that case, at public sale. Thereafter the present suit was brought by the appellee against the appellant, in trespass, in the common pleas of Lehigh county. Thereupon the parties joined issue on declaration and plea, waived jury trial, agreed upon the facts and that the value of the property sold was $300 and submitted the case for the decision of the court. Upon hearing, argument and consideration, the court filed his conclusions of law and directed judgment to be entered in favor of appellee against the appellant for $300 and costs of suit, "unless exceptions are filed within thirty days after the service of notice as provided by Act of April 22, 1874, P. L. 109." Afterwards upon exceptions filed the court dismissed the same and granted a final judgment in accordance with the previous decision. To this judgment the appellant excepted and appealed to this court.

The appellants reason for disregarding the appellee's claim for exemption is the above recital in the transcript of the justice, as to the waiver of the exemption laws, and the fact that the prothonotary, under direction of the plaintiff in that case, noted upon the fi. fa. : " Please take notice of the waiver of exemption in transcript on which the above fi. fa. is issued." It is urged by the counsel for appellant that this endorsement protected the sheriff even if in fact the defendant had not waived the benefit of the exemption laws in the lease referred to. Said lease contained the following language : " And the said Emerson F. Schock, his executors and administrators, hereby agree that all the personal property on the premises shall be liable to distress, and also all personal property if removed therefrom shall, for thirty days after such removal, be liable to distress, and may be distrained and sold for rent in arrear: and the said Emerson F. Schock, his executors and administrators, hereby waive all right to the benefit of any laws now made, or hereafter to be made, exempting personal property from levy and sale for arrears of rent."

The question for determination is whether the above waiver of exemption applies merely in proceedings for the recovery of rent under the Landlord and Tenant Laws, or whether it applies generally to all debts for rent without regard to the

process used in collecting the same.　In Mitchell v. Coates, 47 Pa. 202, the Supreme Court, opinion by AGNEW, J., reversed the lower court for deciding against the claim of exemption in a lease which contained practically the same waiver as the one under consideration.　In that case there was a judgment on a note given for rent in arrears and the defendant claimed the right of exemption which was refused by the court.　The Supreme Court held that the waiver was only intended to apply to a distress for rent and that the court erred in extending this covenant of waiver to the rent, instead of confining it to the property liable for the rent.　In other words the waiver did not extend to the debt but simply to the property seized in distress proceedings.　This case was noticed and distinguished in Beatty v. Rankin, 139 Pa. 358, but we find nothing in that case changing the rule in Mitchell v. Coates, upon the language of the waiver therein.　In Beatty v. Rankin the court said : " We are of opinion that the lease from the Knoxville Land Improvement Company to Fisher Beatty contained a general waiver of exemption.　The language is very broad : ' And the said lessee expressly waives the benefit of all laws or usages exempting any property from distress or execution for rent.'　This is a waiver as to the debt, not merely the property liable to distress.　In this respect the case differs from Mitchell v. Coates, 47 Pa. 202, in which this court said : ' It is true the language is somewhat general, but it is plainly intended to be applied, and therefore must be restricted to. what was the subject of the covenant, to wit, personal property liable to distress for rent in arrear.' "

We are clearly of the opinion that the learned court did not err in holding that the appellee was entitled to his exemption on the fi. fa. in the hands of the appellant, notwithstanding the waiver contained in the lease of March 4, 1901.　This because the waiver was restricted to proceedings under landlord's warrant, while the writ in the sheriff's hands was upon an ordinary judgment.

But the learned counsel for the appellant contends strongly that the indorsement upon the fi. fa. protected the sheriff because he was not required to go back of that and inquire whether or not the defendant had waived the right of exemption.　We cannot agree with this contention.　In Beatty v.

Rankin, 139 Pa. 358, the court below held: "If the contract upon which the recovery is had contains a waiver it will control the execution, if made to appear, and it may be made to appear, either in the judgment or by proofs aliunde."

In affirming the court below the Supreme Court (p. 362) used this significant language: "The fact that the magistrate recited the waiver in his judgment is not material. The waiver was in the lease and need not necessarily appear on the justice's docket. That it was there does no harm." The plain meaning of this is that when the defendant makes timely demand for his exemption the sheriff is bound to grant it unless he finds that it has been waived in the lease or contract. We understand the law to be that the magistrate can neither grant nor withhold from the defendant his right of exemption by any recital in the judgment. Undoubtedly the judgment is conclusive, where there is jurisdiction as to the amount thereof, but we do not think the law confers upon the magistrate the power to conclude the defendants right to exemption by anything set out in the judgment. In Williamson v. Krumbhaar, 132 Pa. 455 it is said: (p. 460) "The sheriff's duty was to set apart the property, unless a waiver or some other specific act of the defendant was brought to his notice which clearly, and without doubt, deprived the defendant of that right."

This case further holds that "the sheriff has no right to demand an indemnity from the defendant; for this, in most cases, would practically defeat the operation of the act of assembly which secures to him this bounty." In this respect Tasker v. Sheldon, 115 Pa. 107, is practically overruled, as it was there held that the sheriff might be indemnified for refusing the defendant his exemption: See Moore v. Dunn and Fell, 147 Pa. 359.

The appellant cites Commonwealth v. McCoy, 8 Watts, 153; Diehl v. Holben, 39 Pa. 213; Harleman v. Buck, 30 Pa. 267; Barnett v. Reed, 51 Pa. 190; Am. & Eng. Ency. of Law, vol. 22, p. 529, etc., and Ricketson v. Commonwealth, 51 Pa. 155. An examination of these cases does not convince us that the sheriff was justified in disregarding the appellees claim of exemption, on account of the indorsement upon the writ, which was placed there by the prothonotary under direction of the plaintiffs' attorney.

It has been suggested that the defendant in the case before the justice should have appealed; but how could he appeal? He did not deny that he owed rent equal to the amount of the judgment, and he might well have been advised by his counsel that he could not justly make the affidavit required to secure an appeal from the judgment of the justice; so also he might have been advised that he would be entitled to his exemption upon any writ issued on said judgment. In addition to this the justice undertook to make the original lease a part of his record and this was fair notice to the sheriff to examine the lease as to the waiver. We think the court below reached a correct conclusion.

The assignments of error are all dismissed and the judgment is affirmed.