## Bonwit Teller & Co. v. Gerstemeier

*James N. Peck*, for plaintiff.

*H. Lyle Houpt*, for defendants.

FORREST, J., November 10, 1955.—On June 7, 1955, plaintiff herein caused a levy to be made by the sheriff of Montgomery County upon certain household goods

as the property of defendants. Three days later bills were posted advertising a sheriff's sale scheduled for 10 a.m., June 22, 1955. On June 21, 1955, separate and independent claims of debtor's exemption from execution in the sum of $300 each were filed by both defendants. The sheriff continued the sale for the purpose of making an appraisal of the goods. Plaintiff filed a petition for rule to show cause why the claims of the exemption should not be set aside because of laches. However, plaintiff does not contend that a continuance of the sale will be prejudicial to it except of course, that additional costs will accrue therefrom. The matter is before us on the petition and answer thereto and depositions in support of the petition.

Decisions construing the Act of April 9, 1849, P. L. 533, sec. 1, 12 PS §2161, which provides for a debtor's exemption of $300 indicate that the criterion for the allowance of the exemption is whether it can be done without prejudice to the rights of creditors: Williamson v. Krumbhaar, 132 Pa. 455, 461 (1890). The claim for exemption must in all cases be made seasonably and before advertisement and sale: Maschke v. O'Brien, 142 Pa. Superior Ct. 559, 564 (1940). Where the judgment creditors have incurred costs which otherwise might have been readily avoided but for the debtor's delay in filing their claims, exemptions have been disallowed: Diehl v. Holben, 39 Pa. 213 (1861). The facts in the Diehl case, supra, were extreme, the debtor not claiming the exemption until the very day set for the sheriff's sale. We are cognizant of some decisions wherein it was said that a claim for exemption is too late if filed after the sheriff has advertised the sale. However, the unbending application of such a rule might appear to be unduly harsh in a case such as this where the sheriff posted bills only three days after the levy. The act was designed to prevent a

creditor from taking "the last pound of flesh" and the court should be liberal in allowing claims of exemption. On the other hand, costs incurred by a plaintiff after the earliest time when defendants reasonably might have given notice of their claim should be paid by defendants in relief of plaintiff.

And now, November 10, 1955, it is ordered, adjudged and decreed that upon payment by defendants on or before November 25, 1955, of the sheriff's costs accruing after levy and before the filing of the claims of exemption from execution, the rule to set aside said claims will be dismissed. Otherwise, the rule will be made absolute and the claims of exemption will be disallowed and set aside.