## Ryder, Appellant, *v.* Prospect Park Realty Co., Inc.

Argued March 19, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*John W. Wellman,* for appellant.

*Samuel Lichtenfeld,* for appellee.

OPINION BY HOFFMAN, J., June 17, 1965:

On November 2, 1963, a landlord's complaint issued by a justice of the peace of Delaware County was served upon appellee, Prospect Park Realty Co., Inc. The landlord, Fred W. Ryder, appellant in this proceeding, demanded repossession of certain premises, rent due, and other damages. After a hearing at which appellee was not present, the justice of the peace entered a judgment granting such repossession, and damages in the amount of $4680.00, plus costs.[1] This judgment was

---

[1] The transcript of the justice of the peace reflected that the money judgment included $2,250 for the unjust detention of the premises and $2,430 for damages to the leasehold.

then transferred to the Court of Common Pleas of Delaware County. Subsequently, appellee filed a petition with rule to show cause why the judgment should not be stricken. After an argument before the court, the rule was made absolute and the judgment was stricken.

The sole issue before us is whether the court below correctly ruled that a justice of the peace lacks jurisdiction over a landlord's complaint in which both repossession of real estate and money damages in excess of $500 are demanded. The Act of July 7, 1879, P. L. 194, §1, as amended by Act of December 9, 1955, P. L. 817, §1, 42 P.S. §241, provides:

"The aldermen, magistrates and justices of the peace, in this commonwealth, shall have concurrent jurisdiction with the courts of common pleas of all actions arising from contract, either express or implied, and of all actions arising from contract either express or implied and of all actions of trespass, wherein the sum demanded does not exceed five hundred ($500) dollars, except in cases of real contract where the title to lands or tenements may come in question."

Jurisdiction under this section is determined by the sum demanded; such sum may be ascertained from the transcript of the justice of the peace. *Neel v. Cann,* 158 Pa. Superior Ct. 426, 45 A. 2d 415 (1946). In the present case it is clear from the transcript that the amount claimed is in excess of the $500 jurisdictional limit set by the statute.

Appellant contends, however, that this limit does not apply to damages awarded for rent or for the unjust detention of premises in a proceeding brought by the landlord for the recovery of possession under Article V, §504, of The Landlord and Tenant Act of 1951, April 6, P. L. 69, 68 P.S. §250.504. This section provides:

". . . If it shall appear that the complaint has been sufficiently proven, the justice of the peace shall enter judgment against the tenant that the real property be delivered up to the landlord and for damages, if any, for the unjust detention of the demised premises, as well as for the amount of rent, if any, which remains due and unpaid and for costs of the proceeding."

He argues that the $500 limit is inapplicable in these actions because §602 of The Landlord and Tenant Act of 1951, 68 P.S. §250.602, provides that ". . . this act shall furnish a complete and exclusive system in itself."

In determining the purpose and effect of these sections, it must be noted that prior to the passage of The Landlord and Tenant Act of 1951, a justice of the peace could not award rent in a landlord's proceeding for the recovery of the possession of his property. *Ballou v. Mehring*, 28 Pa. Superior Ct. 156 (1905); *Hickey v. Conley*, 24 Pa. Superior Ct. 388 (1904); BINNS, JUSTICE, §198 (14th ed. 1950). It was necessary, therefore, for a landlord to collect rent due and unpaid at the expiration or termination of a lease in a separate proceeding. BINNS, JUSTICE, §198 (14th ed. 1950). The jurisdiction of justices of the peace, in these separate actions was originally restricted to cases in which the amount involved did not exceed $100. Act of March 22, 1814, P. L. 190, §6, 42 P.S. §272; BINNS, JUSTICE, §37 (14th ed. 1950). This jurisdictional amount was later enlarged by the Act of 1879, cited supra. *Beatty v. Rankin*, 139 Pa. 358 (1891).

Section 504 of The Landlord and Tenant Act of 1951 obviously modifies the law in a procedural sense. It now permits a landlord to include a claim for rent or other damages in a possessory action before a justice of the peace. It contains no language, however, signifying any modification or repeal of the long-established monetary jurisdictional limits with respect to

these claims. Significantly, §301 of the Act, 68 P.S. §250.301, clearly expresses a legislative purpose to retain such limits insofar as rent is concerned. It provides that, "Any landlord may recover from a tenant rent in arrears in an action of assumpsit *as debts of similar amount are by law recoverable*. . ." (emphasis added).

Furthermore, the legislature amended the Act of 1879 in 1955 by enlarging the sum over which a justice of the peace has jurisdiction from $300 to $500. Although this amendment was enacted approximately four years after the passage of The Landlord and Tenant Act of 1951, it contains no language which would render this monetary limit inapplicable in the present case. Indeed, the amendment broadly restates the applicability of such limits to ". . . all actions arising from contract, either express or implied, and . . . all actions of trespass. . ."

Finally, §601 of The Landlord and Tenant Act of 1951, 68 P.S. §250.601, sets forth in detail various acts which the legislature intended to repeal absolutely or partially. Although the legislature demonstrated its awareness of pre-existing monetary jurisdictional limits by including the Act of March 20, 1810, P. L. 208, §20, 42 P.S. §271, in the list of laws which were repealed, the Act of 1879, cited supra, was not mentioned.

We cannot agree, therefore, with appellant's contention that §504 and §602 of The Landlord and Tenant Act of 1951 repeal or modify by implication the jurisdictional restraints imposed by the Act of 1879, cited supra. In the absence of a clear expression of a legislative intention to the contrary, we must conclude that the procedural modifications contained in §504 were not intended to sweep away the long-established monetary limits for rent and other damages.

Order affirmed.