## Flomar Corporation v. Sun Ray Drug Co.

*Richard I. Torpey*, for plaintiff.

*Michael H. Egnal*, for defendant.

HIRSH J., May 18, 1971.—This matter came before the court on defendnt's petition to stay a writ of possession and to direct plaintiff to proceed in accordance with the appeal from the judgment of the Municipal Court which had been lodged in this court.

The present appeal is from the order of this court in which there was stricken a writ of possession issued from the Municipal Court and in making absolute a rule on plaintiff to proceed in accordance with defendant's appeal lodged in this court.

The factual background indicates plaintiff caused a complaint to be issued from the Municipal Court which sought:

(1) A judgment for possession of premises 3156-60 Kensington Avenue, Philadelphia, Pa., and

(2) A judgment for rental in the sum of $1,100. Pursuant to a final hearing before a judge of the Municipal Court on January 21, 1971, a judgment was entered for possession of said premises and for the sum of $1,100. Defendant proceeded with its appeal from the aforesaid judgments of the Municipal Court in compliance with Rule 29 of the said Court. On February 2, 1971, it filed its notice of appeal, entered the required bond in the amount of $500, ruled plaintiff to file a complaint within 20 days, and on February 8, 1971, served the notice of appeal on the Deputy Court Administrator and counsel for plaintiff and thereafter filed proof of service of the

said notice with the prothonotary. Plaintiff, in reliance on section 506 of The Landlord and Tenant Act of April 6, 1951, P.L. 69, 68 PS §250.506, caused a writ of possession to issue out of the Municipal Court.

In response to the aforesaid writ of possession, defendant filed its petition to strike the same. This case appears to be one of first impression and by reason thereof beckons an examination of the newly enacted acts and rules that appear applicable.

The Philadelphia Municipal Court Act of October 17, 1969, P.L. 259, sec. 19, 17 PS §711.19, provides as follows:

"Any party may appeal the judgment of the municipal court to the Common Pleas Court of Philadelphia within thirty days of the entry of judgment: Provided, however, That appeals from summary convictions in municipal court shall be governed by the Minor Judiciary Court Appeals Act."

Rule 29 of the Municipal Court provides as follows:

"(a) An Appeal from a final judgment or Order of the Municipal Court shall be taken within thirty (30) days to the Trial Division of the Court of Common Pleas by filing with the prothonotary a Notice of Appeal in the form provided by these rules and an entry of bond in the amount of $500 as security for costs liable to occur. The bond shall be available for execution in satisfaction of final judgment.

"(b) If the appellant was the claimant in the Municipal Court, he shall file a complaint with the Notice of Appeal, or within twenty (20) days thereafter.

"(c) If the appellant was the defendant in the Municipal Court, he shall file with the Notice of Appeal a Praecipe requesting the prothonotary to enter a rule as of course upon the plaintiff to file complaint within twenty (20) days after service or suffer a judgment of non pros.

"(d) A copy of the Notice of Appeal shall be filed upon the Deputy Court Administrator of the Municipal Court and shall be served by certified mail or personally upon other parties in interest within twenty (20) days; and Proof of Service shall be filed with the prothonotary within ten (10) days thereafter. If the appeal be not thus perfected, upon Praecipe of appellee, the prothonotary shall mark the appeal 'stricken from the record.'

"(e) After the appeal shall have been perfected, all proceedings shall be de novo in accordance with the Rules of Civil Procedure applicable if the action had been initially commenced in the Court of Common Pleas.

"(f) When a case which has been appealed from the judgment of the Municipal Court of Philadelphia is at issue and a Certificate of Readiness has been filed, the case shall be submitted to, heard and decided by a Board of Arbitrators in accordance with the existing rules for arbitration and the right of further appeal de novo and jury trial shall be as prescribed by the said rules for arbitration."

Section 5(d), 42 PS §3005(d), of the Minor Judiciary Court Appeals Act of December 2, 1968 (Act No. 355) effective January 1, 1969, provides as follows:

"(d) An appeal from the Municipal Court of the City of Philadelphia shall be taken as otherwise provided by law."

The Minor Judiciary Court Appeals Act, in accomplishing a uniformity for appeals from a judgment or order of the Municipal Court, provides in section 7, subsec. 16, 42 PS §3007, as follows:

"The following acts and parts of acts and all amendments thereof are repealed in so far as they are inconsistent herewith: . . . (16) Section 506, act of April 6,

1951 (P.L. 69) known as 'The Landlord and Tenant Act of 1951' [68 PS §250.506]."

It becomes readily apparent that section 506 of The Landlord and Tenant Act upon which plaintiff relied and which required an appeal within five days after the rendition of a judgment, is no longer applicable. To the contrary, it appears that there is now a uniform procedure for appeals from all judgments and orders of the Municipal Court as hereinabove indicated.

It might be said in passing that if this matter had been before the court on certiorari, this court would have been compelled to reverse the judgment for the reason that the Municipal Court exceeded its jurisdiction when it entertained a claim for the sum of $1,100 and entered judgment thereon. See Ryder v. Prospect Park Realty Co., Inc., 206 Pa. Superior Ct. 108 (1965).

Plaintiff may assert that an interpretation of the various acts and the court rules bearing on the issue are not clear. If this be so, then the court would find it appropriate to follow the concept that a disputed matter should be determined on the merits. The intention to simplify and liberalize appeals from the Municipal Court is expressed by section 16 of the Schedule to the Judiciary Article, Purdon's, Constitution, vol. 2, p. 282, where, in subsection (r)(v), it is stated:

". . . it being the purpose of this subsection to establish an expeditious small claims procedure whereby it shall not be necessary for the litigants to obtain counsel."

The foregoing is fortified by Municipal Court Rule 117, which again in reiteration provides:

"117. *Appeals*—Any party may appeal from a judgment or final Order of this Court by filing a Notice of Appeal with the Prothonotary of the Court of Common Pleas and otherwise perfecting such appeal, in the man-

34

ner and within the time prescribed by the Rules of said Court."

Therefore, it was the inescapable conclusion of the Court that the matter should proceed for a determination on the merits as provided, particularly in the Municipal Court Rule 29e and f.

Accordingly, it is hereby ordered and decreed that defendant's petition to stay writ of possession is granted and the rule dated February 10, 1971, is made absolute. And it is further ordered and decreed that plaintiff shall file a complaint within 20 days from the date of this order, March 22, 1971, or suffer a judgment of non pros., without further order of court.