# Funk *versus* Ely.

1. A case was commenced before a justice on a claim not "exceeding $100 ;" judgment was rendered for $99.32, and on trial in the Common Pleas a judgment for $75 recovered, which was reversed by the Supreme Court, and on another trial the verdict and judgment were for $124. The court refused to set aside the judgment, &c., on the ground of want of jurisdiction in the justice. *Held*, not to be error.

2. The defendant having neglected during all the proceedings to object to jurisdiction, it was not error in the court to refuse to inquire into the facts on which jurisdiction rested.

ERROR to the Court of Common Pleas of *Franklin county*.

This suit was brought before a justice by John Ely and Soloman Ely against Franklin Funk, for a claim " not exceeding $100." A judgment was rendered for that sum, which was afterwards opened by the justice, who reduced the judgment to $99.32. An appeal was entered October 11th 1861. With their declaration (which claimed $100) the plaintiffs filed their account against defendant amounting to $111.46, and their book containing the account was given in evidence on the trial. The case was tried on the appeal, and the plaintiffs obtained judgment for $75, which was reversed in the Supreme Court (9 Wright 444). On a second trial, the plaintiffs had a verdict and judgment, November 6th 1865, for $124.

On the 26th of January 1866, the plaintiffs petitioned the court, setting out that the case was an appeal from a justice ; that the account of plaintiffs produced before the justice and at the trial in court showed that the claim exceeded $100 ; and praying the court to quash the entire proceedings for want of jurisdiction.

The plaintiffs filed an answer setting out the facts in relation to the proceedings, and denying that there was evidence that the claim exceeded $100. The defendant also asked for the appointment of an examiner to find the facts.

The court in their opinion, after stating the facts, say : " The defendant now proposes to produce parol proof that the demand

before the justice exceeded his jurisdiction. If this complaint had been made at any time during the progress of the cause, it would, doubtless, have been proper for the court to inquire into the facts and ascertain whether the justice had jurisdiction or not; but now after the lapse of nearly five years since the commencement of the suit, and when a large portion of the plaintiffs' claim may be barred by the Statute of Limitations, and after large bills of costs, greatly exceeding the amount in controversy, have been accumulated, and especially after the cause has been tried and finally adjudicated, it strikes us that it would be monstrously oppressive and unjust to inquire into the question of jurisdiction. For these reasons the rule is discharged."

Discharging the rule to quash, &c., was the error assigned.

*Eyster & Bonebrake, C. S. Eyster* and *J. M. D. Sharpe,* for plaintiff in error, cited Borland *v.* Ealy, 7 Wright 111; Collins *v.* Collins, 1 Id. 387.

*W. Reilly, T. B. Kennedy, L. S. Clarke* and *F. M. Kimmell,* for defendant in error, cited Bennet *v.* Bullock, 11 Casey 364.

The opinion of the court was delivered, June 1st 1866, by

AGNEW, J.—It is undoubtedly correct, as held in Collins *v.* Collins, 1 Wright 387, that a want of jurisdiction in the justice may be inquired of even after a trial and verdict in the appeal. In that case the fact was obvious, and the court allowed the objection and dismissed the appeal. But here the fact not being clear, the court refused after a trial and verdict to inquire into the fact afresh; and the question is, whether the refusal is a ground of error? The point of inquiry is well stated by Woodward, J., in Collins *v.* Collins: "Did the sum demanded in this case exceed $100?"

In the transcript of the justice and in the *narr.*, the plaintiff claimed not exceeding $100. On the hearing before the justice judgment was rendered for $100. Upon a rehearing the sum was reduced to $99.32. The case was then tried in court and a verdict given for $75, carried to the Supreme Court, reversed and returned; a second trial and verdict for $124; the aggregate of a principal less than $100 and the after-accrued interest up to the time of trial. During all this time no averment of any want of jurisdiction is heard of. Now, though all this is not conclusive of the question of jurisdiction, had the court below thought proper to inquire into it, and it had clearly appeared the sum demanded by the plaintiff exceeded $100, yet it is not error in a court to refuse under such circumstances to inquire into the fact on which jurisdiction rested. All the evidence in the case proved that the demand was really under $100, and after such

supineness of the defendant to exhibit evidence to the contrary, when so many opportunities were offered, the court was justified in refusing the prayer of his petition.

                                                    Judgment affirmed.