## Wood *versus* Lovett.

1. Where the transcript of a justice, in a county in which the jurisdiction of justices extends to the sum of $300, showed that he gave judgment on a claim "for a quantity of shingles amounting to $279.10 with interest to November 15th, 1877, amounting to $299.92," the justice had jurisdiction, though it appeared on the trial of the case in the Common Pleas that the claim was for the amount of a note for $279.10, dated August 15th, 1876, payable in shingles, and that if all the interest had been calculated it would have amounted to $300.03.

2. Where the purchaser of land subject to the lien of a judgment, payable in shingles, wrote to the holder of the judgment: "Now I am interested in this matter a little, because if there is any value in the lot above the judgments against it I want it, and make you this proposition: that I will load enough shingles on the cars at Garland to pay your claim at following prices," naming the prices, which proposition was accepted by letter. *Held,* that the letter showed an agreement which was based on a sufficient consideration.

3. The *narr* set forth that "in consideration that the said plaintiff would accept defendant to be his debtor for said sum in place of said Colby, and would discharge said Colby from the payment of the same, and in consideration that defendant had acquired an interest in the land upon which said judgment was a lien, he, the said defendant, assumed and promised by his offer in writing to pay said plaintiff the said sum of money when required," and that plaintiff did accept defendant to be his debtor and discharge Colby. *Held,* that the above letters were properly admissible in evidence, and that there was no such variance between the pleadings and the evidence as would, after a jury had passed on the merits of the case, require a reversal.

ERROR to the Court of Common Pleas of *Warren County.*

Action of assumpsit originally brought before a justice March 24th, 1878, by A. S. Lovett against L. B. Wood, on a contract made May 29th, 1877, " for a quantity of shingles amounting to $279.10, with interest to November 15th, 1877, amounting to $299.92." Judgment was entered for plaintiff, and an appeal was taken to the Court of Common Pleas, April 29th, 1878.

The *narr* contained the common counts and a special count that " in consideration that the said plaintiff would accept defendant to be his debtor for said sum in place of said Colby, and would discharge said Colby from the payment of the same, and in consideration that defendant had acquired an interest in the land upon which said judgment was a lien, he, the said defendant, assumed and promised by his offer in writing to pay said plaintiff the said sum of money when required," and that plaintiff did accept defendant as his debtor and discharge said Colby.

Upon the trial the following facts appeared : August 15th, 1876, John W. Colby bought a lot of ground of the plaintiff, and in part payment gave a judgment note for $279.10

[Wood *v.* Lovett.]

with interest, payable in shingles, on or before January 15th, 1877, upon which judgment was entered. Subsequently Colby sold the lot to Wood, the defendant below.

Under objection and exception, the following letters offered by plaintiff were admitted in evidence:

"GRAND VALLEY, PA., May 29th, 1877.

"MR. A. S. LOVETT.

"DEAR SIR: I have seen Mr. Colby and he says he cannot furnish the shingles just now, but will before fall. Now I am interested in this matter a little, because if there is any value in the lot, over and above the judgments against it, I want it, and make you this proposition: That I will load enough shingles on the cars at Garland to pay your claim, at following prices. Should it amount to more than a car load, will pay you the difference. If less, and not enough for two cars, you pay me the difference: No. 1, pine shingles, $2.75 ; No. 1, hemlock, $1.75. Will ship them within thirty days from the time I hear from you. If you decide to do this, let me know, and send statement of amount due you, less what Mr. Colby has paid on it. He claims 15,000 shingles over on one car. I am only lending Mr. Colby the shingles. His mill burned up, and he is in a very bad shape financially.

"Yours truly,
"L. B. WOOD."

"ERIE, May 29th, 1877.

"L. B. WOOD.

"DEAR SIR: Your letter of this date is at hand, and I will say that I will accept from you at the prices stated in said letter, viz.: Pine, No. 1, $2.75 per M.; hemlock, No. 1, $1.75, shingles to the amount due on said judgment, against lot No. 28, sold by me to J. W. Colby. Said shingles to be shipped from Garland, Warren County, Pa., within thirty days from the receipt of this letter, as you propose. I would prefer, however, that you would ship me No. 2 pine, instead of the hemlock, and about half No. 1, and half No. 2 pine; but I will not be particular about it, as I am anxious to have the matter settled up and off my mind. I know that Mr. Colby's report of the number of the shingles shipped to me, and the count of the men that drew them from the car was not the same, and as they were piled in such a way that they could not be counted without considerable work, I determined to keep an account of all as I sold them, and I inclose a hastily written statement, which I think is pretty nearly

[Wood *v.* Lovett.]

correct, although there may be some mistakes. However, I will look it all over and draw it up in shape soon.

        "Yours,

        "A. S. LOVETT."

Counsel for the defendant asked the Court to charge the jury that:

1. Under the pleadings in this case, the evidence offered of a contract between plaintiff and defendant is irrelevant.

2. That there is no consideration proved for the alleged undertaking of the defendant.

3. That the evidence in the case shows that no contract was ever consummated between the parties.

The Court, WETMORE, P. J., negatived all of these points, and charged the jury as follows:

" At the date of giving the judgment, Lovett made a deed of the property to Colby. Colby afterwards assigned his interest in the property, which he had by virtue of the deed, to L. B. Wood. There were negotiations between Wood and Lovett in relation to this transaction, and those letters are in evidence before you. The defendant, in a letter dated May 29th, 1877, after stating that he had an interest in the purchase, proposed to pay him in shingles at a given price. The plaintiff, in answer to that, and by letter of the same date, accepts the proposition that was thus made by defendant, saying that he would take the payment in shingles.

" We say to you, as a question of law, that if Colby had assigned his interest in the lot in Erie to Wood, and Wood proposed to pay the balance of the purchase-money in shingles to the plaintiff, and the plaintiff accepted the proposition, it was a valid and binding contract between the parties, and the plaintiff can enforce it in this action. There is no dispute about the amount. If you find that this was an accepted contract between the parties, then the plaintiff would be entitled to recover the amount of that judgment, with interest."

Exceptions were taken by defendant to the rulings on the points and to the charge.

The verdict was for the plaintiff for $298.26, and judgment was subsequently entered.

This writ of error was then taken by the defendant, who assigned for error the admission of the letters in evidence, the answers to the points, and the charge.

*Wilbur & Miles* for plaintiffs in error.

The learned judge treats the case as if Wood had taken an assignment of the land from Colby and agreed to pay

[Wood v. Lovett.]

Lovett what was due him in shingles from Colby, as a part of the price he, Wood, was to pay Colby for the land, treating the whole transaction as contemporaneous.

As regards the actual facts there was no consideration for the alleged promise. Judgment will not be sustained where the cause tried is different from the cause in which the appeal was taken: Owen *v.* Shelhamer, 3 Binney, 45; Stehlay *v.* Harp, 5 S. & R., 514; Caldwell *v.* Thompson, 1 Rawle, 370; Schlecht *v.* Restein, 3 W. N. C, 95.

The letters offered did not sustain the allegations in the *narr.* A consideration is essential and must be proved as laid: Cunningham *v.* Shaw, 7 Barr, 401; Umbehocker *v.* Russell, 2 Yeates, 339; Philip *v.* Kirkpatrick, 2 Yeates, 444. The alleged contract is a *nudum pactum.* No agreement was consummated, as it remained to ascertain the amount due Lovett.

The justice had no jurisdiction, as the claim was over $300. The claim was for the amount of the note $279.10, and interest from its date to November 15th, 1877, in all $300.03. Want of jurisdiction can be taken advantage of after trial on appeal: Collins *v.* Collins, 37 Penna. State, 387.

*Johnson, Lindsay* and *Parmlee* for defendant in error.

A substantial identity between the cause of action as stated by the justice in his transcript and that alleged in the *narr* is sufficient: Bechtol *v.* Cobaugh, 10 S. & R., 122; Kraft *v.* Gilchrist, 7 C., 470; Esher *v.* Flagler, 17 S. & R., 141; Bratton *v.* Seymour, 4 W., 330. A substantial variance should be taken advantage of by demurrer: Owen *v.* Shelhamer, 3 Binney, 49.

It is, at most, a formal error amendable after verdict: Cummings *v.* Lebo, 2 Rawle, 23.

The promise of defendant to pay off the judgment, which was a lien, was in relief of his own property, and is binding: Arnold *v.* Stedman, 9 Wr., 189; Landis *v.* Royer, 9 P. F. Smith, 97; Taylor *v.* Preston, 29 P. F. Smith, 441.

It is too late to raise the question of jurisdiction.

PER CURIAM: The sum claimed as shown by the transcript was within the jurisdiction of the justice of the peace. We discover no error in admitting in evidence the several letters which passed between the parties. They were sufficient to justify the jury in finding the defendant in error did accept the proposition made by the plaintiff in error to deliver the shingles, and a sufficient consideration to support the agreement. Failing and refusing to deliver them, he became liable to pay the money. The jury having passed

[Schriver *v.* Eckenrode.]

upon the merits of the case, we discover no such variance between the pleadings and the evidence as to require a reversal of the judgment.

Judgment affirmed.