## City of Chester *v.* Mary McGeoghegan et al., Appellants.

*Jurisdiction, J. P.—Reduction of municipal claim by remission of the penalty.*

A municipality having cause of action to recover a municipal assessment and penalty thereon, may throw off the penalty and thus bring the claim within the jurisdiction of an alderman.

*Municipal law—Power to compromise claims.*

Municipal officers may compromise claims or remit them in whole or in part when delay and expense may be saved by so doing; they are responsible at the proper time and place for so doing, but a debtor being sued as such is not in position to call them to an account.

Argued Nov. 16, 1897. Appeal, No. 20, Oct. T., 1897, by defendants, from judgment of C. P. Delaware Co., Sept. T., 1895, No. 226, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit on a claim for paving. Before CLAYTON, P. J.

The facts sufficiently appear in the opinion of the court.

The court entered judgment for want of a sufficient affidavit of defense for $298.74, plaintiff having omitted that part of its claim for penalty prescribed by the act of assembly. Defendants appealed.

*Error assigned* was in making absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense.

*J. V. McGeoghegan*, with him *Charles A. Lagen*, for appellants.—The remedy given is not only specific, but it is the only remedy designated in the act for the adjudication of such claims: Campbell v. Grooms, 101 Pa. 481.

In all cases where a remedy is provided the directions of the act of assembly must be strictly pursued: Beltzhoover v. Gollings, 101 Pa. 293.

The plaintiff cannot reduce part of his claim and thereby give · the justice jurisdiction: Collins v. Collins, 37 Pa. 387 ; McFarland v. O'Neil, 155 Pa. 265.

*A. A. Cochran*, for appellee.—Interest is simply an incident of debt overdue which a person may claim or not at his pleasure. It follows that he may remit a penalty for the same purpose: Quigley v. Quigley, 10 W. N. C. 388; Evans v. Hall, 45 Pa. 235.

OPINION BY WICKHAM, J., January 18, 1898:

The city of Chester had the right, under the Act of May 23, 1889, P. L. 272, and an ordinance passed in accordance therewith, to sue for, and recover from the appellants, a municipal assessment of $220.55, together with interest and a penalty of five per centum, amounting in all to $308.76.

Instead of suing for the latter sum, the city threw off the

penalty, amounting to $11.02, and brought suit before an alderman for the debt and interest only, the aggregate of both being less than $300. The only question before us is whether the plaintiff could give the alderman jurisdiction by waiving its right to the penalty, and thus bringing the claim below $300, the maximum amount for which an action could be brought before the magistrate.

We have no hesitation in holding that this could legally be done. In Evans v. Hall, 45 Pa. 235, it was decided, that while one cannot by relinquishing a part of his debt give a justice of the peace jurisdiction, he may accomplish that result by refraining from claiming interest, the reason assigned being that the interest is no portion of the debt proper, but merely an incident thereof. There is much stronger reason for saying that the penalty, in the present case, is no more than an incident of the indebtedness. Interest, where it can be claimed as of right, is now popularly regarded as an outgrowth of the debt and therefore practically a part of it, whereas a penalty is something collateral and foreign tacked on to the principal thing.

The appellants argue, however, that the city, because it is a municipality having its powers and duties defined by statute, cannot legally sue for less than the principal, with the interest and penalty attached. To this we cannot assent. The proper municipal officers may compromise claims, or remit them in whole or in part, when delay and expense may be saved by so doing, being responsible at the proper time and place for any breach of duty. The appellants are not in court as citizens defending the rights of the city, but as mere debtors refusing to pay a just debt, on the sole ground that the plaintiff might have sued for more. They cannot be heard to object, in this proceeding, that the city authorities have done what any private suitor might lawfully do, to secure a standing in the alderman's court.

Judgment affirmed.