# Brands *v.* Wise.

*Justice of the peace—Jurisdiction—Appeals—Record.*

Where the question of the jurisdiction of a justice of the peace has not been affirmatively raised in the court below, and neither the charge of the court nor any of the rulings upon evidence have been excepted to, the question is to be determined by the appellate court by the record proper, of which for the purpose of deciding such question, the evidence and the charge form no part.

*Justice of the peace—Jurisdiction—Failure to claim interest.*

Where the transcript from the docket of a justice of the peace shows that the plaintiff's demand " was for $300 for breach of a contract on the sale of real estate which the defendants agreed to pay the plaintiff for making a sale of certain real estate if said sale was made by March 24, 1894," the court will not assume that the interest which accrued after March 24, 1894, swelled the demand beyond the amount which justices of the peace had jurisdiction, because (1) it may well be doubted whether it is necessarily to be inferred that the money was due and payable on March 24, 1894, and (2) the plaintiff was not bound to claim interest, and the fair interpretation of the record is that he did not claim it.

Interest is an incident of a debt overdue, which a party may claim or not at his pleasure. A nonclaim of the interest is very unlike a voluntary reduction of the principal. The one is the absence of the assertion of claim, and the other is the actual throwing away a portion of a fixed or settled claim or demand.

Submitted Dec. 8, 1900. Appeal, No. 224, Oct. T., 1900, by defendant, from judgment of C. P. Northampton Co., Sept. T., 1899, No. 55, on verdict for plaintiff in case of William D. Brands v. Reuben L. Wise and Joseph Wise, trading as Wise Brothers. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from justice of the peace. Before SCOTT, J.

From the record it appeared that the justice gave judgment in favor of the plaintiff for $300.

At the trial no question was raised as to the jurisdiction of the justice of the peace.

*Errors assigned* were (1) the amount in controversy exceeded $300, and the justice of the peace had no jurisdiction. (2) The amount in controversy exceeded $300 and the court of common pleas had no jurisdiction on appeal.

*William Fackenthall* and *William M. McKeen*, for appellants, cited: Quigley v. Quigley, 10 W. N. C. 388.

*H. J. Steele*, for appellee, cited: Hoffman v. Dawson, 11 Pa. 280; Wood v. Lovett, 1 Penny. 51; Evans v. Hall, 45 Pa. 235.

OPINION BY RICE, P. J., January 22, 1901:

The only question attempted to be raised by the assignments of error is as to the jurisdiction of the justice of the peace. It does not affirmatively appear that this question was raised in the court below. Neither the charge of the court nor any of the rulings upon evidence were excepted to by the defendants. Therefore, the question is to be determined by the record proper, of which, for present purposes, the evidence and the charge form no part: Greenawalt v. Shannon, 8 Pa. 465; Hoffman v. Dawson, 11 Pa. 280; Funk v. Ely, 52 Pa. 442. The plaintiff's demand as shown by the transcript from the docket of the justice of the peace, "was for $300, for breach of contract on the sale of real estate which the defendants agreed to pay the plaintiff for making a sale of certain real estate in the borough of Portland if said sale was made by March 24, 1894." The defendant's argument is based on the assumption that the plaintiff's

demand accrued, if at all, on March 24, 1894 ; therefore, the interest which accrued thereafter swelled the demand beyond the amount of which justices of the peace have jurisdiction. Taking a very strict view of the demand, as set forth on the docket of the justice, it may well be doubted whether it is necessarily to be inferred that the money was due and payable on March 24, 1894. But granting that it was, the plaintiff was not bound to claim interest, and the fair interpretation of the record is that he did not claim it. Interest is an incident of a debt overdue, which a party may claim or not, at his pleasure. " A nonclaim of the interest is very unlike a voluntary reduction of the principal. The one is the absence of the assertion of claim, and the other is the actual throwing away a portion of a fixed or settled claim or demand. It will not be contended that a party may not refuse to claim interest if he does not choose to claim it, or that he may not omit to press an item of claim :" Evans v. Hall, 45 Pa. 235. See also Bower v. McCormick, 73 Pa. 427, 430, and Wood v. Lovett, 1 Penny. 51. We are of opinion that the case comes fairly within the foregoing ruling.

Judgment affirmed.