## Grisbord et al. v. City of Philadelphia et al.

*M. B. Levitt*, for plaintiffs.
*Francis F. Burch*, city solicitor, for defendants.

FLOOD, J., July 17, 1940.—Plaintiffs seek to enjoin the city from collecting the inspection fee provided by the ordinance of Philadelphia passed June 27, 1935, Ordinances and City Solicitor's Opinions, p. 281, as amended by the Ordinance of August 15, 1938, Ordinances and City Solicitor's Opinions, p. 398. That ordinance regulates barber shops in the City of Philadelphia and provides an inspection fee of $5 per annum. The case was transferred to this court for decision because of our consideration and decision in the case of Cusumano et al. v. City of Phila. et al., 37 D. & C. 597 (1940). In that case we held that the ordinance was valid in view of the amendment of May 9, 1935, P. L. 158, to the Act of June 19, 1931, P. L. 589, 63 PS §566, but enjoined criminal prosecutions of defendants for failure to pay the license fee on the ground that the penalty section (section 13 of the ordinance) did not cover failure to pay the license fee provided by section 11, but applied solely to violations of the substantive provisions of the ordinance. [The case of Kellerman v. Philadelphia, 139 Pa. Superior Ct. 569, cited in our opinion in the Cusumano case, held invalid only that section of the ordinance regulating the opening and closing hours of barber shops.]

After the decision in the Cusumano case, the city proceeded to bring civil actions in various magistrates' courts against plaintiffs in this suit and other persons subject to the ordinance for the collection of this license fee. Plaintiffs now seek to enjoin these actions. They contend: (1) That the Act of 1935 does not authorize the imposition of a license fee by the ordinance; (2) that the city inspectors, acting pursuant to the ordinance, have made findings inconsistent with and contrary to the findings of the State inspectors; (3) that suits of the sort brought by the city cannot be maintained in a magistrate's court.

■ The collection of the inspection fee is a necessary incident to the regulation of barber shops. Nothing need be added to what we said in the Cusumano case, supra, as to the city's right to enact this ordinance and to include

therein a provision for the payment of a reasonable inspection fee. Therefore, plaintiffs' first objection to the ordinance is untenable.

■ As to plaintiffs' allegation in their bill that the city inspectors' actions are in conflict with the State law and regulations with regard to barber shops, this seems hardly germane to the main purpose of the bill. The purpose of the bill is to enjoin the collection of the license fee. It would succeed either if we found the entire act to be unconstitutional or unauthorized by the statute, or if we found that the magistrates had no jurisdiction over such suits, but we see no relevancy at all in the allegation as to the actions of the inspectors. The original bill did not ask for any relief with regard to this situation. Although plaintiffs asked for and were given an opportunity to amend in this regard at the argument, we think such an amendment would make the bill completely multifarious, and probably would not be the sort of situation which would stir a court of equity into action in any event. Furthermore, there are no details in the bill as to what actions of the inspectors are in conflict with the State's system. The allegations of paragraph 15 of the bill are mere conclusions.

■ The main reliance of plaintiffs seems to be the magistrates' lack of jurisdiction in this sort of action. In support thereof, they cite cases in which it has been held that a magistrate had no jurisdiction in suits involving the collection of paving liens: City of Pittsburgh, etc., v. Daly, 5 Pa. Superior Ct. 528 (1897) ; Mount Joy Borough v. Harrisburg, etc., R. R. Co., 11 Dist. R. 765; and one in which a justice of the peace was held to have no jurisdiction in a suit against a constable for failure to pay rent out of the proceeds of an execution against a tenant: Seitzinger v. Steinberger, 12 Pa. 379 (1850).

Plaintiffs' contention seems to be that, since the city's claims here are obligations imposed by law and not direct contractual claims, they are not comprehended by

the statutes defining the magistrates' jurisdiction, and that they are not "contracts either expressed or implied." See Act of March 20, 1810, 5 Sm. L. 161, 42 PS §242.

However, it has been held that a magistrate does have jurisdiction of suits to collect license fees: Washington Borough v. McGeorge, 146 Pa. 248 (1892); and municipal assessments: City of Chester v. McGeoghegan et al., 6 Pa. Superior Ct. 358 (1898). This inspection fee more closely resembles license fees and municipal assessments, both of which are in the nature of taxes, than paving liens or actions against constables. While these two cases do not set forth the basis for the conclusion that the magistrates have jurisdiction, yet it appears that they have given a liberal construction to the Act of April 15, 1835, P. L. 291, sec. 7, 42 PS §291, which gives jurisdiction to aldermen and justices of the peace of "all actions of debt for penalty, for the breach of any ordinance, by-law or regulation of such city. . .". While, strictly speaking, we do not have here a penalty for the breach of an ordinance, we are concerned with a sum to be collected under the ordinance, and it is apparent from the above cases that the courts construe "debt or penalty for the breach of any ordinance" to include all actions to collect fees imposed by ordinance and destined for the city treasury.

We, therefore, hold that the city may collect the inspection fees imposed by the ordinance by suits in the magistrates' courts. Consequently, plaintiffs' bill states no cause of action, and the preliminary objections must be sustained. Plaintiffs will be given the right to file an amended bill within 15 days.

FLOOD, J., October 1, 1940.—Preliminary objections must be sustained for the reasons set forth in the opinion filed July 17, 1940, sustaining preliminary objections to the original bill. See also the opinion of Cusumano et al. v. City of Phila. et al., 37 D. & C. 597 (1940). Since it appears that plaintiffs can allege no additional

material facts and are prepared to stand upon the amended bill, no leave to file a further amended bill will be granted.

The preliminary objections are sustained and the bill is dismissed.