Neel, Insurance Commissioner, Appellant, v. Cann.

Argued December 11, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Josef Jaffe*, with him *Victor J. Abel, Paul J. Donnelly* and *James H. Duff*, Attorney General, for appellant.

*J. Willard Paff*, with him *Henry K. Van Sickle* and *Smith & Paff*, for appellee.

OPINION BY DITHRICH, J., January 18, 1946:

This appeal is brought by the plaintiff from the order of the court below, dismissing the action for want of jurisdiction on the part of the alderman before whom the action was first instituted and from whose judgment the defendant appealed. The sole question raised is whether the amount in controversy exceeded the alderman's statutory jurisdiction.

The Keystone Indemnity Exchange was a reciprocal insurance exchange organized under the laws of Pennsylvania. During the period beginning July 2, 1929, and ending February 2, 1933, the Exchange issued eight policies of reciprocal insurance to defendant. The aggregate of the annual deposits or premiums charged for these policies amounted to $250.79. Upon the suggestion of the attorney general, the court of common pleas of Dauphin County on May 18, 1933, ordered the insurance commissioner to take possession of the assets of the Exchange and liquidate its business and affairs in accordance with the Act of May 17, 1921, P. L. 789, 40 PS §201. The said court of common pleas ordered that the Exchange be dissolved, and on September 12, 1938, further ordered that the subscribers holding policy contracts pay an amount equal to one annual deposit premium on each policy issued to them. See *Com. ex rel. v. Keystone Indemnity Exchange*, 34 D. & C. 505. The order was affirmed by the Supreme Court in *Common-*

*wealth ex rel. Schnader v. Keystone Indemnity Exchange,* 335 Pa. 333, 6 A. 2d 821, and 338 Pa. 405, 11 A. 2d 887. To recover the pro rata assessment from the defendant, the insurance commissioner, as liquidator of the Exchange, brought an action of assumpsit before an alderman on January 31, 1944. The action resulted in a judgment for the plaintiff for $300 and costs, and defendant appealed to the court of common pleas.

The transcript of the alderman contains the following statement: "Plaintiff's claim is for $250.79 *with interest from Aug. 15, 1940,* the amount due the plaintiff, from defendant as subscriber and policy holder of Keystone Indemnity Exchange, . . ." (Italics supplied.) This claim with interest from August 15, 1940, to January 31, 1944, the date of the issuance of the summons, amounted to $311.65. The alderman, however, entered judgment for $300 and costs. Plaintiff's statement of claim, filed in the court of common pleas on appeal from the alderman, begins: "Plaintiff brings this action in assumpsit to recover from defendant the sum of $250.79 with interest thereon from the 15th day of August, 1940, upon a cause of action whereof the following is a statement." It concludes: "14. Wherefore plaintiff claims of defendant the sum of $250.79 with interest from August 15, 1940." The learned court below dismissed the action on the ground that the alderman had no jurisdiction because the amount in controversy exceeded the statutory limit.

The jurisdiction of justices of the peace and other inferior magistrates is purely of statutory origin, and they have only such jurisdiction as is given them by statute: *Eason v. Smith,* 8 S. & R. 343; *Murdy v. McCutcheon,* 95 Pa. 435; *Knautt v. Massinger,* 116 Pa. Superior Ct. 286, 177 A. 56; *Paulson v. Eisenberg,* 134 Pa. Superior Ct. 503 4 A. 2d 585. The Act of July 7, 1879, P. L. 194, 42 PS §241, confers jurisdiction on aldermen in civil actions ". . . . wherein the sum demanded does not exceed three hundred dollars, . . ." This statute

must be strictly construed, and it will not be aided or extended by inference or implication beyond its express terms. A plaintiff who sues before an inferior magistrate must limit his claim to $300. His claim, however, may include both a principal sum and interest. Interest, however, is regarded as an incident of the debt, or an independent claim, and the whole or part of it may be relinquished or remitted in order to bring the claim within the jurisdictional limit: *Evans v. Hall*, 45 Pa. 235; *Wood v. Lovett*, 1 Pennypacker 51; *Brands v. Wise*, 16 Pa. Superior Ct. 189; *Ballingall v. Kite*, 41 Pa. Superior Ct. 428. "This rule does not apply to interest, as the plaintiff may relinquish that as it is no part of the cause of action to be litigated. *But it must be relinquished before the magistrate*". (Italics supplied.) *Ballingall v. Kite*, supra., p. 432. That the interest in the instant case was not relinquished before the alderman clearly appears from the alderman's transcript and plaintiff's statement of claim on appeal.

Appellant contends that part of the interest was evidently relinquished, since the judgment did not include all the interest. But the alderman's transcript and the statement of claim show the claim was for the principal sum plus interest, the aggregate amount of which exceeded $300. The only suggestion of a remission of part of the interest is found in the amount of the judgment. But in deciding the question of the alderman's jurisdiction, the amount of the judgment is not the test. A justice's jurisdiction is determined by the amount claimed and not by the amount of the judgment. The language of the statute is literally interpreted. The *sum demanded* is the test of jurisdiction and to ascertain such sum the transcript of the justice of the peace, and the narr. on appeal may be examined: *Collins v. Collins*, 37 Pa. 387; *Shufflin et al. v. The Duster Contracting Co.*, 77 Pa. Superior Ct. 193.

The order is affirmed.