## Crichfield Oil & Gas Co. v. Grosky

*Gates, Richard & Briley*, for plaintiff.

*Irving Sikov*, for defendant.

LENCHER, P. J., June 26, 1948.—This case came to the County Court of Allegheny County on an appeal by defendant from the judgment entered by a justice of the peace in accordance with the provisions of the Act of May 5, 1911, P. L. 198, and its supplements, 17 PS §174. Plaintiff claimed in assumpsit before a justice of the peace for a balance due for gasoline and oil sold and delivered to defendant, who operated a gasoline filling station, restaurant and grill at or near the Borough of Tarentum here in Allegheny County. In addition plaintiff claimed $50, cash advanced by plaintiff in payment of labor for the installation of tanks and other equipment on defendant's premises. With proper allowances for certain oil and gas returned by defendant and accepted by plaintiff, the balance sued for is $116.86, with interest. Defendant admits this balance, concedes that he was bound by a written agreement to purchase and sell in his service station plaintiff's oil and gas exclusively, guaranteeing the sale of a minimum amount thereof. Defendant sets up a counterclaim, alleging oral contemporaneous promises on the part of plaintiff, without which the written agreement would not have been executed, wherein plaintiff was to install the pumps, storage tanks and other equipment, without which defendant could not begin the operation of a gasoline service station. Some confirmation of this allegation in defendant's answer is found in plaintiff's demand in his own complaint for $50 cash, advanced by plaintiff for labor engaged for such installation. Defendant adds a counterclaim alleging

that plaintiff's failure to deliver pumps, tanks and equipment on time, and thereafter his failure, in accordance with his promise, properly to install, and thereafter to repair defective equipment, seriously hindered and delayed defendant's operation of his service station. So serious were the delays alleged by defendant that he insists in his new matter that customers, observing that the gasoline station was not functioning at all, failed and refused to utilize his road house, grill and restaurant, which therefore had to be closed completely. Defendant demands damages for a loss of that business or its profits in the sum of $1,000. Since we are constrained to sustain the first and major objection preliminarily raised by plaintiff, we will not consider the other objections against this counterclaim.

The test of jurisdiction is whether the County Court of Allegheny County has power to enter upon this case: Zlotziver v. Zlotziver, 359 Pa. 84. Plaintiff's central objection to the counterclaim is based on the ground that the justice of the peace does not and could not have had jurisdiction of a counterclaim in the sum of $1,000, and therefore this court has none on appeal: Neel, Ins. Commissioner, v. Williams, 158 Pa. Superior Ct. 478, 45 A.(2d) 375. The jurisdiction of justices of the peace and other inferior magistrates is purely of statutory origin, and they have only such jurisdiction as is given them by statute: Eason v. Smith, 8 S. & R. 343; Murdy v. McCutcheon, 95 Pa. 435; Knautt v. Massinger, 116 Pa. Superior Ct. 286, 177 Atl. 56; Paulson v. Eisenberg, 134 Pa. Superior Ct. 503, 4 A.(2d) 585. The Act of July 7, 1879, P. L. 194, 42 PS §241, confers jurisdiction on aldermen in civil actions ". . . wherein the sum demanded does not exceed three hundred dollars, . . ." This statute must be strictly construed, and it will not be aided or extended by inference or implication beyond its express terms. A plaintiff who sues before an inferior magistrate

must limit his claim to $300: Neel, Ins. Commissioner, v. Cann, 158 Pa. Superior Ct. 426, 428, 45 A.(2d) 415. If the justice had not jurisdiction of the cause of action or of the contract or demand sought to be sued as a set-off, the County Court of Allegheny County does not have jurisdiction after appeal: Sando v. Seeley, 53 D. & C. 206; Neel v. Donnelly, 93 Pitts. L. J. 399, and appellate court cases therein cited. At the trial of the appeal in the County Court of Allegheny County, or for that matter even on appeal to the appellate courts, and at any stage thereof, the question of jurisdiction of the subject matter may be raised. The sum demanded is the test of jurisdiction, and to ascertain such sum the transcript of the justice of the peace may be examined and the narr on appeal: Neel v. Cann, supra, at page 429. Where the case on appeal has not yet proceeded to verdict, the amount in controversy is determined by the sum claimed or demanded in the declaration or complaint. See appellate court cases cited in Neel v. Donnelly, supra. There are cases which hold that counterclaims after appeal from a judgment of a justice or an alderman may exceed the sums over which the justice or an alderman have jurisdiction: Duke v. Getz, 44 D. & C. 688. However valid this viewpoint may be in appeals to common pleas courts in other counties, we are constrained to follow the conclusions and logic heretofore declared by our colleagues in the County Court of Allegheny County: Reed Co. v. Linder, 75 Pitts. L. J. 545; Neel v. Donnelly, 93 Pitts. L. J. 399

The question of jurisdiction of the subject matter aside, counterclaims properly filed can always be pleaded in assumpsit actions between the same parties, even where the demands or claims do not arise out of the same cause of action, if the counterdemand be sufficiently specific and capable of ascertainment. And counterclaims under the provisions of Pa. R. C. P. 1031,

effective January 1, 1947, to which the County Court of Allegheny County is subject, are as broad in this respect, and possibly even more inclusive. But only a radical change in the substantive law as to jurisdiction of the subject matter could permit a counterclaim to stand which demands $1,000 damages on the defendant's appeal from a judgment against him rendered by a justice of the peace. The new rules for procedure were designed primarily to chart the practice and simplify the procedure in such cases. We are unwilling by inference to say that there is any enlargement in the rules of Pa. R. C. P. as to so vital a matter as jurisdiction of the subject matter. In Byers v. Olander, 161 Pa. Superior Ct. 165, 54 A.(2d) 111, the general matter before us came before the Superior Court although the particular jurisdiction of the justice there questioned concerned another subject matter, to wit, an action in assumpsit brought under the Emergency Price Control Act of 1942, as amended. The Superior Court dismissed the action, agreeing that our court did not have jurisdiction of the action on appeal because the cause of action was not within the jurisdiction of a justice of the peace: Deihm v. Snell, 119 Pa. 316, 13 Atl. 283. The court added that since the transcript of the justice and plaintiff's statement of claim both disclosed that the justice did not have jurisdiction, the action should have been dismissed: Moreland Twp. v. Gornder, 109 Pa. 116. It will be noted that the opinion was filed by Judge Hirt on July 17, 1947, after the new Rules for Civil Procedure, supra, had come into effect.

Since sales and negotiations or dealings between the parties admittedly started, according to the pleadings, about September 1946, obviously the provisions of the statute of limitations cannot yet bar defendant's claim for damages arising out of these dealings. Accordingly we will permit defendant to elect. Without making any

affirmative demand for damages, his answer may stand in recoupment of plaintiff's claim.

In Glennon v. Lebanon Mfg. Co., 140 Pa. 594, an action brought by an employe for wages, the employer under the plea of nonassumpsit was permitted to prove loss suffered by reason of the negligent and unskillful manner in which the work was performed as a pro tanto defense to plaintiff's claim in assumpsit. The Supreme Court said (p. 600):

" 'The defendant, if he can prove any facts which go to show that the plaintiff did not perform his part of the contract, or from negligence, or want of skill, performed it in such a manner as that the defendant suffered loss, may have the amount of that loss, as ascertained by the jury, deducted from the amount of the plaintiff's claim.' " Both liquidated and unliquidated damages may be recouped: Northwestern Bank v. Commonwealth, 345 Pa. 192, 27 A.(2d) 20.

Defendant may in addition thereto file an original action against plaintiff, demanding the damages indicated in the attempted counterclaim which we must now strike off. Should defendant make that original claim and plaintiff make his denial or reply, we could then proceed in accordance with the provisions of Rule 213 of the new Rules for Civil Procedure, which provide as follows:

"(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay."

Of course the counterclaim as such will then be recorded as defendant's statement of claim, and as such

pleading it will have to contain all the ingredients of a complete cause of action: 12 PS §431.

Accordingly, we will strike off the counterclaim as such, permit its allegations to stand as denial of plaintiff's right to recover, without prejudice to defendant to bring an original action setting forth his demand for damages. If defendant follows the latter course we will direct the clerk to consolidate both actions into one trial.