## Metropolitan Hospital, Inc. v. School District of Philadelphia

*Leonard B. Rosenthal,* for plaintiff.

*Edward B. Soken* and *C. Brewster Rhoads,* for defendant.

JONES, J., July 30, 1948.—This is an appeal from the judgment of a magistrate's court entered against the defendant in an action instituted by the plaintiff under the alleged authority of the Act of May 21, 1943, P. L. 349, to recover from the defendant by refund a tax on real property averred to have been paid "in ignorance of the fact that the said premises should have been exempt from taxation for the year 1946, . . ."

Upon the appeal, though the trial be de novo, the cause of action remains unchanged. The pleadings in this court consist of the plaintiff's complaint and amended complaint and the defendant's preliminary objections thereto filed under authority of Pa. R. C. P. 1017(*b*). By stipulation of counsel the amended complaint was filed to which the preliminary objections theretofore filed were made applicable.

So stands the record upon the face of which, irrespective of the preliminary objections filed, the question of

the jurisdiction of the magistrate's court to hear and determine the cause of action presents itself and corollary thereto the power and duty of this court upon the appeal thus taken. The question of jurisdiction is ever-present, inheres in every cause of action and must be met and answered by the court at any stage of the proceedings, irrespective of whether or not the question be raised by any party to the action. It is the basic question in the instant case for if the magistrate's court was without jurisdiction to hear and determine the cause of action, this court upon appeal is without such jurisdiction. One further observation is to be made and that is, that an appeal thus taken confers upon the appellate court jurisdiction over the judgment entered in the magistrate's court with the consequent power and duty to strike off the judgment if void upon the face of the record for a void judgment is a nullity, a blot upon the record to be erased therefrom.[1]

The Act of 1943 is analyzed, its scope outlined, the intent and purpose of the legislature in its enactment declared and its constitutionality affirmed in the opinion in Girard Trust Company, Trustee, v. City and County of Philadelphia, 359 Pa. 319; 59 A. (2d) 124 (May 24, 1948). The portions of the opinion and of the act significantly pertinent to the question involved are as follows:

"The Act of 1943, P. L. 349, 72 PS section 5566b, *et sec.*, provides that 'Whenever any person or corporation of this Commonwealth has erroneously or inadvertently paid or caused to be paid into the treasury of any political subdivision . . . any tax or taxes on real or personal property . . . under an assumption that such taxes . . . were due and owing, when in fact such taxes . . . were not due and owing to the political subdivision, then in such cases the authorities

[1] McKinney v. Brown, 130 Pa. 365, 368 (Nov. 11, 1889); Pantall et al. v. Dickey, 123 Pa. 431, 438 (Jan. 7, 1889); Moreland Twp. v. Gordner, 109 Pa. 116, 117 (March 2, 1885); Birkhead v. Ward, 35 Pa. Superior Ct. 235, 240, 241 (Feb. 28, 1908).

of the political subdivision, upon due proof of any such erroneous or inadvertent tax . . . payments, are hereby directed to draw their warrant on the treasurer of such political subdivision in favor of such person or corporation, to make refund out of the public funds of such tax or taxes . . . to which the political subdivision has no valid claim. . . .' Section 2 of the act, 72 PS section 5566c, gives to the aggrieved person or corporation a 'right to recover the sum involved by instituting an action in assumpsit in any court of competent jurisdiction within the county wherein such political subdivision is located'. Section 3, 72 PS section 5566d, provides that the act shall be retroactive as regards all taxes 'erroneously or inadvertently paid into the treasury of any political subdivision for a period of not exceeding three years prior to the discovery of such erroneously paid taxes and fees'." (321, 322)

. . . . . . . . .

"Admittedly, appellee could not, prior to the Act of 1943, supra, maintain an action for the recovery of taxes erroneously paid. Taxes voluntarily paid cannot be recovered in the absence of a statute authorizing the same: *Hotel Casey Company v. Ross*, supra. Appellant's suggestion that the doctrine of estoppel and laches must be applied in the instant case is without merit. Prior to May 21, 1943, no right of action existed to *enforce* a return of taxes erroneously paid to a political subdivision." (325)

The jurisdiction of the magistrate's court being statutory, such court having no jurisdiction not conferred by statute,[2] the Act of 1943 and the cited decision have narrowed the question to whether or not the said act conferred upon magistrates, aldermen and justices of the peace jurisdictional power to hear and determine causes of action in enforcement of the right given.

---

[2] Neel v. Cann, 158 Pa. Superior Ct. 426, 428 (Jan. 18, 1946).

By what principle of interpretation and construction can the words of the 1943 act, "any court of competent jurisdiction within the county wherein such political subdivision is located", be held to include a court which theretofore was without jurisdictional power to hear and determine controversies of the character defined in the act? That a magistrate's court at the time of the 1943 enactment was not competent, that is to say, was without jurisdictional authority to hear and to determine controversies of the general class to which the present case belongs cannot be questioned.

When it is said "any court of competent jurisdiction within the county . . ." the legislature undoubtedly meant a court which was then competent to hear and determine such causes of action. Had the legislature intended to confer such jurisdiction upon magistrates, aldermen and justices of the peace undoubtedly it would have stated its intent in express words and have fixed the jurisdictional amount of the matter or thing in controversy. The words, "an action in assumpsit", are a descriptive procedural definition, a defining of the process by means of which the action may be instituted and the trial be conducted under rules of civil procedure. The form of the action cannot change the character of the subject-matter. The language is adjectival, not substantive.

The subject-matter, the substance with which the act deals, is taxes, the validity of their imposition, the liability therefor and the right and the means to enforce a refund thereof from any political subdivision when taxes not due and owing to the political subdivision have been paid erroneously or inadvertently.[3]

Taxes are exactions by the sovereign power under authority of affirmative legislation for the maintenance of government, the performance of its functions, for

---

[3] ". . . it is not the form of the action, but the nature of the subject matter of it, which must decide the question of jurisdiction": Schaffer v. M'Namee, 13 S. & R. 44 (May 30, 1825).

the sole and ultimate purpose of providing for the commonweal. The taxing power is an attribute of sovereignty which under our political system can be exercised solely as authorized by affirmative law. Taxes are not imposed by implication. They do not arise from or by reason of any contract relationship between government and citizen, resident or owner of property within the state or any political subdivision thereof. Now an action having for its purpose the refund of taxes assessed and paid must be viewed with the character of taxes in mind. The right to a refund arises and is founded upon the fact that erroneously or inadvertently payment has been made of taxes imposed and assessed without legal authority, taxes which were not due and owing. It does not arise nor is it founded upon contract.[4]

It is unthinkable that the legislature impliedly intended by the innovating Act of 1943 to confer upon magistrates, aldermen and justices of the peace jurisdictional power to deal with the subject-matter of this act, to hear and determine causes of action arising therefrom, with the implied proviso that the amount of tax paid and to be refunded be within the jurisdictional limitation of magistrates, aldermen and justices of the peace in contract actions.[5]

Being of the opinion that the magistrate's court is not "a court of competent jurisdiction" within the scope and purpose of the Act of May 21, 1943, P. L. 349, that the judgment entered by the magistrate is void, that the judgment together with the complaint and the amended complaint filed by the plaintiff in the appeal to this court should be stricken off and the preliminary objections filed by the defendant dismissed, accordingly the following order is made:

---

[4] Birkhead v. Ward, supra, 238, 239.

[5] Penna. Constitution, article V, sec. 12; 42 PS §§241, 242, 243, 1058; Adelman, Trustee, v. J. McShain, Inc., 148 Pa. Superior Ct. 138, 140 (Feb. 28, 1942). See also Neel v. Cann, supra, 428.

*Order*

And now, to wit, July 30, 1948, the judgment of the magistrate, the complaint and the amended complaint filed by the plaintiff are stricken off and the preliminary objections filed by the defendant are dismissed without prejudice.