## Fiedler, etc., v. Rebicek

*Romwald Kenowski*, for plaintiff.
*Ernest J. Gazda*, for defendant.

EAGEN, J., April 14, 1952.—Plaintiff sued defendant in assumpsit before an alderman to recover the sum of ·$186.43. Defendant appeared and submitted four separate claims in the nature of a counterclaim against plaintiff, varying in amounts from $20 to $200 and totaling $420. The alderman denied the counterclaim and entered judgment for the amount claimed by plaintiff. An appeal to this court followed, wherein the counterclaim is again asserted. We are concerned with preliminary objections thereto in the nature of a motion to strike off.

The Act of July 7, 1879, P. L. 194, 42 PS §241, confers jurisdiction upon aldermen and justices of the peace in civil actions wherein the sum demanded does not exceed the sum of $300. This jurisdictional limit applies to counterclaims as well as original suits and if the alderman has no jurisdiction, the court of common pleas has no jurisdiction on appeal: Faultless Range & Mfg. Co. v. Strollo, 40 Lack. Jur. 129; Deihm v. Snell, 119 Pa. 316.

As pointed out in Neel, Insurance Commissioner, v. Cann, 158 Pa. Superior Ct. 426, the statute conferring jurisdiction upon the minor judiciary must be strictly construed and the test in determining the jurisdiction

is the amount claimed and not the amount of the judgment entered.

The fact that the counterclaim is made up of four distinct claims, none of which exceeds the jurisdictional maximum, does not change the situation. The total amount claimed is the determining factor. While the Rules of Civil Procedure permit the consolidation of a number of similar causes of action in a single counterclaim, they do not and were not intended to enlarge the jurisdiction of the subject matter: Crichfield Oil & Gas Co. v. Grosky, 65 D. & C. 436. The rules were designed primarily and only to chart the practice and simplify procedure in civil actions.

It may be that if defendant institutes an original action the court may in the interest of simplicity of proceedings have the power and inclination to consolidate for trial the two actions under rule 213.

Therefore, April 14, 1952, the preliminary objections are sustained and the counterclaim is stricken off without prejudice.